## MOORHEAD BRO. & CO. v. UNITED STATES.

(Circuit Court, W. D. Pennsylvania. January 16, 1904.)

### No. 44.

**1. CUSTOMS DUTIES—CLASSIFICATION—MUCK BARS—BAR IRON.**

In regard to imported muck bars, produced by converting pig iron into wrought iron in the puddling furnace, and then rolling the wrought iron through a set of rolls, from which it comes in the form known as "muck bars," *held*, that iron in this condition is dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 123, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], as "bar iron," and not under paragraph 135 of said act, relating to "steel in all forms and shapes not specially provided for," nor under the first proviso in paragraph 124 of said act covering "iron in * * * forms less finished than iron bars and more advanced than pig iron."

In the matter of the application of Moorhead Bro. & Co. for a review of the decision of the Board of United States General Appraisers (G. A. 5311, T. D. 24,324), which affirmed the assessment of duty by the Surveyor of Customs at the port of Pittsburg. Note Milne v. U. S. (C. C.) 115 Fed. 410.

Reed, Smith, Shaw & Beal, for appellants.
James S. Young, U. S. Atty.

ACHESON, Circuit Judge. The importations here in question consisted of certain merchandise, to wit, muck bar, which the Surveyor of Customs at Pittsburg assessed for duty as "bar iron" at the rate of six-tenths of one cent per pound, under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 123, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]. This paragraph is as follows:

"123. Bar iron, square iron, rolled or hammered, comprising flats not less than one inch wide nor less than three-eighths of one inch thick, round iron not less than seven-sixteenths of one inch in diameter, six-tenths of one cent per pound."

The importers filed protests against the surveyor's classification and assessment, claiming that the merchandise in question was assessable either under the provisions of paragraph 135 of the act (30 Stat. 161 [U. S. Comp. St. 1901, p. 1638]), at the rate of duty of three-tenths of one cent per pound, or, if not so assessable, then that the importations were assessable under the first proviso of paragraph 124 of said act (30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]), at the rate of five-tenths of one cent per pound. The United States Board of General Appraisers sustained the assessment of duty as made by the surveyor, and overruled the protests. From the decision of the Board of General Appraisers the importers have appealed to this court.

·` The General Appraisers, I think, were very clearly right in holding that the importers' claim based on paragraph 135 is untenable, because that paragraph does not provide for iron, and the only provision therein ·calling for a duty of three-tenths of one cent per pound is for sheets and plates and steel in all forms and shapes not specially provided for in the act. I do not understand that the importers seriously press their claim based on paragraph 135. Their contention, as presented in the argument addressed to this court, is that the merchandise in question is dutiable under the first proviso of paragraph 124, which reads as follows:

"124. Round iron, in coils or rods, less than seven-sixteenths of ope inch in diameter, and bars or shapes of rolled or hammered iron, not specially provided for in this act, eight-tenths of one cent per pound: provided, that all iron in slabs, blooms, loops, or other forms less finished than iron in bars, and .more advanced than pig iron, except castings shall be subject to.a duty of five-tenths of one cent per pound: provided further, that all iron bars, blooms, billets, or sizes or shapes of any kind, in the manufacture of which charcoal is used, as fuel, shall be subject to a duty of twelve dollars per ton."

·   After the appeal the importers took some additional testimony to meet the statement of the General Appraisers that there was no evidence that at the date of the tariff act the term "bar iron" had any commercial meaning different from the term "iron bars." This new testimony (although there is not absolute .agreement between all the witnesses) may be said to show that in the trade the term "bar iron" means the finished product, and that neither the term "iron bars" nor the term "iron in bars" is used or known in the trade as a particular commercial designation. But this new evidence, I think, does not meet the precise question before the court. It is not pretended that these importations are within the second proviso of paragraph 124, and the importers do not claim (nor would it be to their interest to claim) that the general enacting clause of paragraph 124 embraces this merchandise. The importers rest their claim to a duty of five-tenths of one cent per pound upon the first proviso of paragraph 124. The question for decision is whether muck bar is within the terms of the first proviso. Its language is, "All iron in slabs, blooms, loops, or other forms less finished than iron in bars and more advanced than pig iron." If there was any doubt as to what is meant by the phrase "forms less finished than iron in bars," ·such doubt would be removed by reference to the words in the enacting clause of the paragraph, "bars or shapes of rolled or hammered iron not specially provided for in this act." Now, muck bar is more advanced than pig iron, for it is the product of pig iron after its conversion into wrought iron in the puddling furnace. But to make muck bar the wrought iron is rolled through a set of rolls. This rolled iron comes from the rolls in bar form. How, then, can it be said that muck bars are "less finished than iron in bars"? Knight's Mechanical Dictionary defines "muck bar" as "bar iron which has passed once through the rolls." By all the testimony in the case it appears that muck bars are ·iron bars or iron in· bars. I am of the opinion that the muck bars imported by Moorhead Bro. & Co. were not assessable for duty under the 'first proviso of paragraph 124. The assessment of the surveyor at six-tenths· of one cent per pound under paragraph 123 was a favorable conclusion for the importers, for it is by`no means clear that he might

not properly have assessed this iron as bars of rolled iron at eight-tenths of one cent per pound, under the enacting clause of paragraph 124.

And now, January 16, 1904, it is ordered, adjudged, and decreed that the decision of the Board of United States General Appraisers in this case be, and the same is, affirmed.